UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of VERNON JANTS, by its
Personal Representative, JOWARNA CLARK,

Case No.
Hon.

    Plaintiffs

vs.

ABDUL MALAK BAROUDI,
an Individual,

    Defendant

| | |
|---|---|
| MICHIGAN AUTO LAW, P.C.<br>Richard A. Moore (P7399)<br>Lauren A. Gwinn (P85050)<br>30101 Northwestern Highway<br>Farmington Hills, Michigan 48334<br>248.353.7575<br>rmoore@michiganautolaw.com<br>lgwinn@michiganautolaw.com<br>mmcallister@michiganautolaw.com<br>*Attorneys for plaintiff* | WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>William S. Cook (P68934)<br>Nicole L. Gettler (P76130)<br>17197 N. Laurel Park Drive, Suite 201<br>Livonia, Michigan 48152<br>313.327.3100 p \| 313.327.3101 f<br>william.cook@wilsonelser.com<br>nicole.gettler@wilsonelser.com<br>*Attorneys for defendant* |

DEFENDANT ABDUL MALAK BAROUDI'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. § 1446

Defendant, Abdul Malak Baroudi, by and through his attorneys, submits this notice of removal in accordance with 28 U.S.C. § 1446 and further states as follows:

## Background

1. On February 7, 2025, plaintiff, the Estate of Vernon Jants, by its Personal Representative, Jowarna Clark, through their attorneys, filed a wrongful death complaint in Wayne County Circuit Court against defendant Abdul Malak Baroudi. (A copy of the complaint received by defendant is attached as Exhibit A.)

2. In this lawsuit, plaintiff alleges that defendant negligently operated his motor vehicle in the city of Romulus on February 2, 2024, causing the premature death of plaintiff's decedent.

## Basis for Removal – Diversity Jurisdiction

3. A defendant may remove a case from state court to federal court if a federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a)

4. Federal courts have original jurisdiction based on diversity of citizenship if two requirements are met—the amount in controversy exceeds $75,000 and the dispute arises between citizens of different states. 28 U.S.C. § 1332(a). These requirements are satisfied here.

5. Diversity of citizenship. Diversity of citizenship exists because plaintiff is a citizen in the United States, and defendant is a citizen of Canada.

6. Plaintiff was a resident and citizen of the city of Romulus, county of Wayne, state of Michigan, United States. (Ex. A—Complaint, ¶ 1)

7. Defendant Abdul Malak Baroudi's citizenship is a resident and citizen of city of Windsor, province of Ontario, Canada. (Ex. A Complaint, ¶ 5)

8. Based on the above, there is complete diversity of citizenship among the parties based on 28 U.S.C. § 1332(a).

9. Plaintiff is a citizen of the state of Michigan, United States, while the defendant is a citizen of a foreign state.

10. **Amount in controversy.** Diversity jurisdiction further exists because the amount in controversy exceeds $75,000.

11. Plaintiffs' complaint does not allege a specific amount in controversy, but it requests a judgment in their favor in an amount that exceeds $25,000. (Ex. A—Complaint, ¶ 1)

12. However, the complaint does allege that, as a result of the accident, plaintiff's decedent suffered premature death and pain and suffering while he was conscious between the time of his injury and his death (two days later). In addition, plaintiff is claiming medical, funeral, and burial expenses; loss of society and companionship of the decedent; loss of services from the decedent; and all economic

loss allowable under the Michigan Wrongful Death Act, the Michigan Motor Vehicle Code, and any and all applicable law (Ex. A—Complaint, ¶16).

13. Given plaintiff's alleged damages, defendant believes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Based on the above, removal of the state court action to this court is proper under 28 U.S.C. §§ 1332(a)(2) and 1446(b) due to diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

## Procedural Matters

15. Removal is timely. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendant Baroudi was served with the complaint on May 8, 2025. This Notice of Removal is therefore timely because it is filed within 30 days after the defendant received the complaint.

16. Removal to proper court. A defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff filed its state court lawsuit in Wayne County, Michigan, which is within the judicial district of this court. 28 U.S.C. § 102(a)(1).

19. Pleadings and process. Defendant has attached a copy of all pleadings and orders that have been served on Defendant Baroudi in the state court action as Exhibit A.

20. Service and state court notice. Defendant will promptly serve plaintiff with this Notice of Removal and will also promptly file a copy of this Notice of Removal with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d).

22. All the requirements for removal of the state court action to this court under 28 U.S.C. § 1446 are met, this court's jurisdiction is established based on diversity of citizenship, and defendant removes this action from Wayne County Circuit Court to the United States District Court, Eastern District of Michigan.

                WILSON ELSER MOSKOWITZ
                  EDELMAN & DICKER LLP

        By:/s/ *Nicole L. Gettler*
            William S. Cook (P68934)
            Nicole L. Gettler (P76130)
            17197 N. Laurel Park Drive, Suite 201
            Livonia, Michigan 48152
            313.327.3100 p | 313.327.3101 f
            william.cook@wilsonelser.com
            nicole.gettler@wilsonelser.com
            *Attorneys for defendant*

<u>Certificate of Service</u>

The undersigned certifies that on June 4, 2025, this document was electronically filed with the Clerk of the Court using the CM/ECF system. Copies were also emailed to counsel identified in the caption on the same date.

/s/ Rhoda Haick